# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JESSICA REINHOLD,**

                **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No.  6:05-cv-1090-Orl-22JGG**

**DURANGO STEAKHOUSE OF
TITUSVILLE, INC.,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **PLAINTIFF'S OBJECTION TO TAXATION OF DEFENDANT'S BILL OF COSTS FOR ATTORNEY TRAVEL (Doc. No. 69)**
>
> **FILED:**     **January 12, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.  PROCEDURAL HISTORY

    Plaintiff, Jessica Reinhold, sued Defendant Durango Steakhouse of Titusville, Inc. for alleged employment discrimination and related common law torts.  The Honorable Anne C. Conway granted Defendant's motion for summary judgment on December 26, 2006, and judgment was entered the following day.  Docket Nos. 63, 64.

Defendant filed its proposed Bill of Costs on January 8, 2007. Docket No. 66. On January 11, 2007, the Clerk taxed Plaintiff for the full amount of costs sought by Defendant. Docket No. 68. On January 12, 2007, Plaintiff moved for review of the taxation of costs and specifically objected to costs related to attorney travel. Defendant has filed no response to Plaintiff's motion.

Plaintiff's motion to strike $904.02 from the Bill of Costs for costs related to attorney travel should be granted.

## II.  **THE LAW**

A prevailing party may recover costs *as a matter of course* unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54 (d)(1).[1] Congress has delineated which costs are recoverable under Rule 54 (d), Fed. R. Civ. P. *See* 28 U.S.C. § 1920;[2] *see also Crawford Fitting Co.*

---

[1] Fed.R.Civ.P. 54 (d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

[2] Title 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.
>
> In response to Fed.R.Civ.P. 54 (d), Congress amended § 1920 to substitute "may" for "shall."

*v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 - 42 (1987). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co.*, 482 U.S. at 440-44. The Court may not tax as costs any items not included in 28 U.S.C. § 1920. 482 U.S. at 440-44; *see also Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460 (11th Cir.1996); *Desisto Coll., Inc.*, 718 F. Supp. at 911.

### III.   ANALYSIS

Defendant has failed to respond timely to Plaintiff's objection. Defendant's failure to respond should be construed as a lack of opposition.

Further, the only travel costs permitted under 28 U.S.C. § 1920 are for witnesses. There is no other statute or case law to support taxation of attorneys' travel expenses as costs. *Corwin v. Walt Disney Co.*, 468 F.3d 1329, 1346 (11th Cir. 2006), *vacated and superseded on different grounds*, --- F.3d ----, 2007 WL 136757 (11th Cir. Jan 22, 2007).

The Court, therefore, **RECOMMENDS** that:

1.   Plaintiff's motion be granted;

2.   The Clerk be directed to issue a revised Bill of Costs that deletes $904.02 of the "other costs" for attorney travel.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

    Recommended in Orlando, Florida on January 31, 2007.

_____<br>
JAMES G. GLAZEBROOK<br>
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record