**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESSICA REINHOLD,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1090-Orl-22JGG**

**DURANGO STEAKHOUSE OF**
**TITUSVILLE, INC.,**

        **Defendant.**

_____

## ORDER

This cause is before the Court on Plaintiff's Objection to Taxation of Defendant's Bill of Costs for Attorney Travel (Doc. No. 69) filed on January 12, 2007.

On January 31, 2007 the United States Magistrate Judge submitted a Report noting that Defendant had not filed a response and recommending that the Motion be granted (Doc. No. 73).

On February 1, 2007 Defendant filed its objection to the Report and Recommendation, and its Response to Plaintiff's Objection to the Taxation of Defendant's Bill of Costs for Attorney Travel (Doc. No. 74). On February 7, 2007 Plaintiff filed her response to the objection (Doc. No. 75).

Defendant first argues that its time to respond to Plaintiff's Objection did not expire until after Thursday, February 1, 2007. Defendant correctly notes that the Objection to the Bill of Costs was served January 12, 2007. The Case Management and Scheduling Order requires the filing of opposition memoranda "within **eleven** days after being served". (Doc. No. 20, p. 5, §II E.)

(Emphasis in original, footnote omitted). Further, Saturdays, Sundays, and legal holidays are included in the computation of periods of eleven days or more. *See,* Fed.R.Civ.P. 6(a). Plus, three days are added because service was by electronic transmission. Thus, Defendant's response was due by January 26, 2007, and his February 1, 2007 response to Plaintiff's Objection is untimely.

Defendant next asserts that precedent of the Eleventh Circuit provides for the taxation of attorney travel costs pursuant to 28 U.S.C. §1920 in civil rights litigation. However, Defendant fails to cite to any such precedent. This Court has previously held that costs of attorney's travel are not taxable under 28 U.S.C. §1920. *Scelta v. Delicatessen Support Services, Inc., et al.,* 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002).

Finally, Defendant asserts that an additional basis for the award of attorney travel expenses as costs is Title VII or 42 U.S.C. §1988. Although Defendant file a Motion for Attorneys' Fees pursuant to 42 U.S.C. §2000e-5(k) and 42 U.S.C. §1988, it did not request an award of costs. (Doc. No. 67). On January 30, 2007 this Court denied the Motion for Attorneys' Fees (Doc. No. 72).

After an independent *de novo* review of the record in this matter, including the objections filed by the Defendant, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendations.

Therefore, it is **ORDERED** as follows:

1.      The Report and Recommendation filed January 31, 2007 (Doc. No. 73) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Defendant's Objections to the Report and Recommendation are **OVERRULED**.

3. Plaintiff's Objection to Taxation of Defendant's Bill of Costs for Attorney Travel (Doc. No. 69) and request that $904.02 be struck from the Defendant's Bill of Costs is **GRANTED**.

4. The Clerk is directed to issue a revised Bill of Costs that deletes $904.02 of the "other costs" for attorney travel.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 13, 2007.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record